**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Darcia C. Bender,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Gila County Sheriff's Office, a Governmental entity,<br><br>　　　　　Defendant. | No. 12-CV-02536-PHX-JAT<br><br>**ORDER** |

　　　　Pending before the Court is Defendant, Gila County Sheriff's Office's, Motion to Dismiss Plaintiff's complaint. (Doc. 4). Plaintiff has filed a response to Defendant's Motion to Dismiss and informed that Court that she would be filing a Motion to Amend her Complaint. (Doc. 8). Subsequently, Plaintiff filed a Motion to Amend her First Amended Complaint. (Doc. 9). Defendant has filed a response opposing Plaintiff's Motion to Amend. (Doc. 10). The Court will deny Defendant's Motion to Dismiss and grant Plaintiff's Motion to Amend for the following reasons.

**I.　　BACKGROUND**

　　　　On October 29, 2012, acting as a *pro se* litigant, Plaintiff filed a complaint against Defendant in the state Superior Court in Gila County. (Doc. 1-1). Plaintiff alleged two claims under Title VII against Defendant. (*Id*. at 5-6). On November 5, 2012, Plaintiff filed a First Amended Complaint ("FAC") against Defendant alleging the same two claims under Title VII. (Doc. 1-2). On November 29, 2012, Defendant removed this action to federal court. (Doc. 1).

On December 3, 2012, Defendant filed the pending Motion to Dismiss. (Doc. 4). In the Motion to Dismiss, Defendant argues that the Court should dismiss the FAC because the Gila County Sheriff's Office is a non-jural entity and, as such, is without the capacity to sue or be sued. (*Id*. at 1).

On February 15, 2013, Plaintiff filed notice with the Court that she had retained counsel in this matter. (Doc. 7). On March 8, 2013, Plaintiff filed a response and informed the Court she would be filing a Motion to Amend her FAC. (Doc. 8). On March 14, 2013, Plaintiff filed the pending Motion to Amend the FAC (Doc. 9) and attached a proposed Second Amended Complaint ("SAC") (Doc. 9-1). In the SAC, Plaintiff appears to concede that Gila County Sheriff's Office is a non-jural entity; she retains her two claims under Title VII and seeks to add Gila County, former Gila County Sheriff John Armer, and current Gila County Sheriff J. Adam Shepherd as Defendants. (Doc. 9-1).

**II.    ANALYSIS**

After a party has amended a pleading once as a matter of course, it may only amend further after obtaining leave of the court, or by consent of the adverse party. Fed. R. Civ. P. 15(a). Generally, Rule 15 advises the court that "leave shall be freely given when justice so requires." This policy is "to be applied with extreme liberality." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)(quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)). The Court has "an obligation where the petitioner is *pro se*, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Bretz v. Kelman*, 773 F.2d 1026, 1027 n. 1 (9th Cir. 1985) (en banc)). "A district court should not dismiss a *pro se* complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Id*. (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203–04 (9th Cir. 1988) (per curiam)). A district court's denial of leave to amend is subject to an abuse of discretion standard of review. *See Telesaursus VPC, LLC v. Power*,

623 F.3d 998, 1003 (9th Cir. 2010).

Under Ninth Circuit Court of Appeals precedent prior to the 2010 amendments to the Federal Rules of Civil Procedure, this Court would *sua sponte* grant leave to amend when granting a motion to dismiss under Rule 12(b)(6), unless a pleading could not be cured by the allegation of other facts. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 927 (9th Cir. 2012) (en banc) (citing *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). However, this precedent has been called into question in light of the 2010 changes to the Federal Rule of Civil Procedure 15, which now allows parties twenty-one days from responsive pleadings and motions to dismiss to amend once as a matter of course. *See id.*

The United States Supreme Court has established that motions to amend should be granted unless the district court determines that there has been a showing of: (1) undue delay; (2) bad faith or dilatory motives on the part of the movant; (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party; or (5) futility of the proposed amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see W. Shoshone Nat'l Council v. Molini*, 951 F.2d 200, 204 (9th Cir. 1991). "Generally, this determination should be performed with all inferences in favor of granting the motion." *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999) (citing *DCD Programs, LTD. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987)). Significantly, "[t]he party opposing amendment bears the burden of showing prejudice," futility, or one of the other permissible reasons for denying a motion to amend. *DCD Programs*, 833 F.2d at 187; *see Richardson v. United States*, 841 F.2d 993, 999 (9th Cir. 1988) (stating that leave to amend should be freely given unless opposing party makes "an affirmative showing of either prejudice or bad faith").

In this case, Plaintiff's counsel opposes Defendant's Motion to Dismiss under "Federal Rule of Civil Procedure 15(c)(3)." (Doc. 8 at 1). As an initial matter, the Court notes that Rule 15(c)(3) does not exist. The Court assumes Plaintiff intended to make her argument under Rule 15(c)(1) as she argues her proposed amendment relates back to the date she made her original claims. (*Id.* at 1-2). Plaintiff argues this rule permits her to

1 add Gila County as a defendant under these circumstances.  In her proposed SAC, Plaintiff
2 seeks to add Gila County, former Gila County Sheriff John Armer, and current Gila
3 County Sheriff J. Adam Shepherd as Defendants and dismiss the conceded non-jural
4 entity Gila County Sheriff's Office.  (Doc. 9-1).

5 In opposing Plaintiff's Motion to Amend, Defendant argues that granting Plaintiff
6 leave to amend would be futile because the Ninth Circuit has long held that Title VII does
7 not provide a separate cause of action against supervisors or co-workers.  (Doc. 10 at 2)
8 (citing *Craig v. M & O Agencies, Inc.*, 496 F.3d 1047, 1058 (9th Cir. 2007)).  Defendant
9 goes on to ask the Court to deny the Motion to Amend and treat it as a motion to substitute
10 a jural entity for a non-jural entity, namely, Gila County in place of the Gila County
11 Sheriff's Office.  (*Id.*).

12 Indeed, "[i]ndividual defendants are not proper defendants under a Title VII
13 claim."  *Cohen v. Clark Cnty. Sch. Dist.*, 11-CV-1619-MLH-RJJ, 2012 WL 2326721, at
14 *7 (D. Nev. June 19, 2012) (citing *Holly D. v. Cal. Inst. of Tech.*, 339 F.3d 1158, 1179
15 (9th Cir. 2003) ("We have consistently held that Title VII does not provide a cause of
16 action for damages against supervisors or fellow employees."); *see also Miller v.
17 Maxwell's Int'l Inc.*, 991 F.2d 583, 587-88 (9th Cir. 1993) ("[I]ndividual defendants
18 cannot be held liable for damages under Title VII.").  Accordingly, the Court finds
19 Defendant has shown that it would be futile to allow Plaintiff to amend her complaint and
20 add former Gila County Sheriff John Armer, and current Gila County Sheriff J. Adam
21 Shepherd as Defendants.

22 However, no showing has been made that allowing Plaintiff to amend would cause
23 undue delay, that Plaintiff is acting in bad faith, or that Plaintiff has repeatedly failed to
24 cure deficiencies by previous amendments.  The Court also notes that no undue prejudice
25 would be placed on Defendant by allowing Plaintiff to amend because the first two
26 complaints were filed *pro se* and the FAC was filed before any meaningful defense was
27 raised to the original complaint; counsel was also retained by Plaintiff after Plaintiff filed
28 the FAC which forfeited Plaintiff's counsel's opportunity to file an amended complaint as

1  a matter of course under Federal Rule of Civil Procedure 15.  Further, the Ninth Circuit
2  Court of Appeals has directed the Court to grant *pro se* litigants leave to amend with
3  extreme liberality, especially in civil rights claims.  *Eldridge v. Block*, 832 F.2d 1132,
4  1135 (9th Cir. 1987).  Finally, Defendant has made no argument that adding only Gila
5  County as a Defendant would be futile or one of the other permissible reasons for denying
6  a motion to amend.  Consequently, the Court will grant Plaintiff's Motion to Amend and
7  upon filing her SAC, Plaintiff shall only add Gila County as a Defendant in this matter.

**III.  CONCLUSION**

Based on the foregoing,

**IT IS ORDERED** that Defendant's Motion to Dismiss (Doc. 4) is denied as moot without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend and File a Second Amended Complaint (Doc. 9) is granted.  Plaintiff shall file the proposed Second Amended Complaint in accordance with this Order within ten (10) days of the filing of this order; if Plaintiff fails to file a second amended complaint within this deadline, then Defendant may re-file the Motion to Dismiss that the Court has denied without prejudice within fifteen (15) days of the date of this order.

Dated this 27th day of August, 2013.

James A. Teilborg
Senior United States District Judge